Duy Thai, SBN 157345
One Embarcadero Center, Suite 1020
San Francisco, California 94111
Tel.: 415 296-9927
Fax: 415 230-5779

Attorney for Plaintiff Charles Li

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re TINA YAN | Bankruptcy Case No.: 22-30407DM<br><br>Chapter 13<br><br>CHARLES LI'S OPPOSITION TO TINA YAN'S MOTION TO DISMISS BANKRUPTCY |

Charles Li hereby opposes Tina Yan's motion to dismiss her bankruptcy petition. This is the third fraudulent bankruptcy that Tina Yan has filed in order to sabotage the San Francisco Sheriff's sale of her property for satisfaction of opposer Li's judgment against her. See Exhibit A. Had Yan filed her matrix, Li would have been her biggest creditor.

In 2019, she conspired with an entity called 818 Green Street LLC ("818 LLC") to do the same thing in this Court, *In re 818 Green Street LLC*, No. 19-41624. A second bankruptcy was filed in the Central District of California. *In re 818 Green Street LLC*, No. 19-bk-14452-MW. Movant Li obtained relief from the Central District under 11 U.S.C. 362(d)(4). However, the coronavirus pandemic prevented an execution sale before the relief expired. Tina Yan was also involved in the long-running bankruptcy of her son, Demas

Yan, No. 04-33526 TC, to thwart Li's claim against the son. *In re Yan*, No. BAP NC-10-1476-JUHPA, 2011 WL 2923855, at *1 (B.A.P. 9th Cir. 2011).

Moreover, Tina Yan has already declared assets of over $1 million. She has multiple creditors that she has been defrauding in the same way. Her case might be suitable for conversion to a Chapter 7. Opposer Li requests that the Court retain jurisdiction over this matter, and not grant dismissal, while movant is promptly seeking creditor's counsel. Opposer anticipates filing either another motion for 362(d)(4) relief or a motion to convert within 10 days.

DATED: August 25, 2022

/S/ Duy Thai
Duy Thai, SBN 157345
Attorney for Judgment Creditor
Charles Li

PROOF OF SERVICE

I declare that I am employed in the City and County of San Francisco, California. My address is 402 West Broadway, Suite 400, San Diego, CA 92101. I am over the age of eighteen years and am not a party to the within-entitled cause of action or proceeding.

Today, I served the attached document:

CHARLES LI'S OPPOSITION TO TINA YAN'S MOTION TO DISMISS BANKRUPTCY

By electronic means to persons confirmed to be registered participants in the Electronic Case Filing System and that such persons are, in fact, receiving the Court's Notice of Electronic Filing in this subject case. I caused an electronic copy of the above to be electronically filed and serve to:

TINA YAN
1433 7TH AVE
SAN FRANCISCO, CA 94122

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed in San Diego, California, on August 25, 2022.

Norah Rafiei

# EXHIBIT A



**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SAN FRANCISCO**

# Document Scanning Lead Sheet

Nov-20-2018 10:50 am

Case Number: CGC-14-537574

Filing Date: Nov-16-2018 10:40

Filed by: MARIA OLOPERNES

Image: 06580596

COURT JUDGMENT - GENERAL

CHARLES LI VS. THAI MING CHIU et al

001C06580596

**Instructions:**
Please place this sheet on top of the document to be scanned.

Duy Thai, SBN 157345
One Embarcadero Center, Suite 1020
San Francisco, California 94111
Tel: 415 296-9927
Fax: 415 230-5779

Attorney for Plaintiff Charles Li




NOV 16 2018

CLERK OF THE COURT
BY: [signature] Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION

CHARLES LI, an individual,

Plaintiff,

v.

THAI MING CHIU, an individual, DEMAS YAN, an individual, KAMAN LIU, an individual, TINA YAN a/k/a TINA FOON YU YAN, an individual, CHEUK TIN YAN, an individual, 547 23RD AVENUE, LLC, a California limited liability company, 547 INVESTMENTS LLC, a California limited liability company,

Defendants.

Case No.: CGC-14-537574

[PROPOSED] SECOND AMENDED JUDGMENT SETTING ASIDE FRAUDULENT TRANSFERS

This action came on regularly for trial on April 4, 5, 7, 8, 11, and 14, 2015, in Department 504 of the San Francisco County Superior Court, the Honorable Suzanne R. Bolanos presiding. Duy Thai and Stewart Kellar appeared as attorneys for plaintiff Charles Li. Albert Boasberg and Demas Yan appeared as attorneys for defendants Thai Ming Chiu, KaMan Liu, Cheuk Tin Yan, and Tina Yan.

The default of defendant Demas Yan was previously entered on May 21, 2014. The default of defendant 547 Investments, LLC was previously entered on May 21,

2014. The default of defendant 547 23rd Avenue, LLC was previously entered on September 25, 2014. Plaintiff filed the request for dismissal of Does 1 through 50 on August 25, 2015.

On April 14, 2016, the jury rendered verdict against each of appearing defendants Cheuk Tin Yan, Tina Yan, Thai Ming Chiu, and KaMan Liu. On the same date, the Court also ruled that defendants have failed to establish any equitable grounds for altering the jury verdict.

Plaintiff filed his memorandum of costs on July 11, 2016. No motion to tax costs were filed. On November 9, 2016, the Court heard plaintiff's motion for attorney's fees, which was filed on August 31, 2016.

Accordingly, the Court hereby ADJUDGES, ORDERS, and DECLARES against all defendants as follows:

A. Judgment of $824,180.57 is hereby entered jointly against Cheuk Tin Yan and Tina Yan.

B. Judgment of $324,167.58 is hereby entered against Thai Ming Chiu.

C. Judgment of $72,037.24 is hereby entered against KaMan Liu.

D. The real property referred to herein is situated in the State of California, City and County of San Francisco, and is legally described as follows: "Commencing at a point on the Westerly line of 23rd Avenue, distant thereon 275 feet Southerly from the Southerly line of Anza Street; running thence Southerly along said Westerly line of 23rd Avenue 25 feet; thence at a right angle Westerly 120 feet; thence at a right angle Northerly 25 feet; and thence at a right angle Easterly 120 feet to the Westerly line of 23rd Avenue and the point of commencement. Being a portion of Outside Land Block No. 306. Assessor's Lot 12, Block 1566." It is referred to herein as the "Subject Property."

E. Default judgment is hereby entered against defendants Demas Yan

Case: 22-30407 Doc# 14 Filed: 08/25/22 Entered: 08/25/22 16:39:51 Page 7 of 9

and 547 23rd Avenue, LLC. The transfer of the Subject Property from defendant Demas Yan to defendant 547 23rd Avenue, LLC, recorded as Document I503243 BK-PG: J538-0442 in the records of the Office of the Assessor-Recorder, City and County of San Francisco, California, is fraudulent, void, and hereby set aside to the extent necessary to satisfy plaintiff's judgment against defendant Demas Yan in *Charles Li v. Demas Yan*, San Francisco Superior Court No. CGC-10-497990, as further amended to include any additional attorneys' fees, costs, and interest provided by law ("Underlying Judgment"), along with the costs and attorneys' fees specified in this Judgment;

F. The transfer of Demas Yan's membership interests in 547 23rd Avenue, LLC, from defendant Demas Yan to defendants Thai Ming Chiu, Kaman Liu, and Tina Yan was made with the intent to hinder, delay, or defraud plaintiff; was received without good faith and not in exchange for reasonably equivalent value; and is hereby set aside to the extent necessary to satisfy plaintiff's Underlying Judgment along with the costs and attorneys' fees specified in this Judgment;

G. Default judgment is hereby entered against defendants 547 23rd Avenue, LLC and 547 Investments, LLC. The conveyance of the Subject Property from defendant 547 23rd Avenue, LLC to defendant 547 Investments LLC, recorded as Document J784407 BK-PAG: L025-0559 in the records of the Office of the Assessor-Recorder, City and County of San Francisco, California, is fraudulent, void, and hereby set aside to the extent necessary to satisfy plaintiff's Underlying Judgment along with the costs and attorneys' fees specified in this Judgment.

H. For the purpose of satisfying plaintiff's Underlying Judgment, along with the costs and attorneys' fees specified in this Judgment, and for that purpose only, Demas Yan is DECLARED the sole owner of all legal and equitable title or interest in the Subject Property. Plaintiff may execute or foreclose on the Subject Property to satisfy plaintiff's Underlying Judgment along with the costs and attorneys' fees specified in this Judgment.

Case: 22-30407 Doc# 14 Filed: 08/25/22 Entered: 08/25/22 16:39:51 Page 8 of 9

I. Plaintiff may seize, execute on, or foreclose on any real or personal property of any defendant provided that recovery against any defendant shall not exceed the money judgment amount entered above against that specific defendant, and further provided that plaintiff's aggregate recovery shall not exceed plaintiff's Underlying Judgment.

J. The Court hereby ORDERS all defendants to do the following in relation to the Subject Property: (1) maintain, receive, and collect all rents, security deposits, and other rental or lease payments in the ordinary course of business; (2) maintain and continue payment on all required taxes, fees, mortgages, reasonable insurance, and reasonable expenses in the ordinary course of business; (3) secure and maintain all books, documents, and records relating to the matters in (1) and (2) in this Section, and render an accounting of the same upon request by plaintiff.

K. The Court hereby ENJOINS all defendants from doing the following in relation to the Subject Property: (1) committing or permitting any waste on the Subject Property; (2) committing or permitting any act in violation of law; (3) removing, encumbering, wasting, or otherwise disposing of any of the fixtures on the property; (2) selling, transferring, disposing, encumbering, concealing, or otherwise transferring the Subject Property without a prior court order; and (3) doing any act that will impair the preservation of the Subject Property or plaintiff's interest in the Subject Property.

L. Costs of $12,543.04 and attorneys' fees of $1,141,383.50 are hereby awarded to plaintiff. Plaintiff's recovery pursuant to Paragraph I above may be increased to include these amounts, provided that attorneys' fees may only be recovered against Demas Yan.

DATED: 11/16/18

Honorable Suzanne R. Bolanos
Judge of the Superior Court

Case: 22-30407 Doc# 14 Filed: 08/25/22 Entered: 08/25/22 16:39:51 Page 9 of 9